UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153-1 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DAVID C. BIGI (1), | : | |
| Defendants. | : | |

**ORDER**

This case is before the Court on two Government Motions requesting that the Court determine to whom property seized by the Government in this criminal case should be returned for purposes of restitution. (Docs. 272, 274). Pursuant to 18 U.S.C. § 3663A(b)(1), in criminal cases involving property loss, the Court shall order the "return of property to the owner of the property or someone designated by the owner[.]"

Here, the Government represents the existence of competing claims to four items of property, namely, skid-steers at issue in Counts Four, Seven, Eight and Fourteen of the Superceding Indictment. Accordingly, this restitution issue came before the Court for a hearing on February 2, 2012. The Government had previously duly notified the competing claimants of the hearing, and subsequent to the issuance of such notices of hearing, one claimant, Mitch Geise, waived his potential claim for the return of property at issue in Count Fourteen.

Brenda Stephenson and John Stephenson appeared at the hearing on behalf of AMS Construction with regard to the skid-steer at issue in Count Four of the Indictment. Ryan Lieske appeared by telephone represented by counsel Larry Butler with regard to the skid-steer at issue in Count Seven of the Indictment. Linda Woodgeard appeared at the hearing represented by counsel Charles Slicer with regard to the skid-steer at issue in Count Eight of

the Indictment. With regard to the skid-steer at issue in Count Fourteen of the Indictment, Counsel Steve Kelly appeared on behalf of CNA Insurance, an insurer subrogated to the interest of claimant David Schultz, d/b/a Excavating Unlimited. Lawrence Greger appeared on behalf of Defendant David Bigi and Dwight Keller appeared on behalf of the Government.

The Court concludes that, where the original owner of the property asserts a claim thereto, the original owner of the property is entitled to possession of the property. Accordingly, the Court finds a follows:

(1) that the skid-steer at issue in <u>Count Four</u> of the Superceding Indictment should be returned to Brenda Stephenson and John Stevenson, c/o AMS Construction;

(2) that the original owner having asserted no claim for a return of the property, the skid-steer at issue in <u>Count Seven</u> of the Superceding Indictment should be returned to Ryan Lieske;

(3) that the skid-steer at issue in <u>Count Eight</u> of the Superceding Indictment should be returned to Linda Woodgeard and Jerome Woodgeard, c/o J&L Trucking & Excavating; and

(4) that the skid-steer at issue in <u>Count Fourteen</u> of the Superceding Indictment should be provided to CNA Insurance Express Center, on behalf of its insured David Schultz, d/b/a Excavating Unlimited.

As set forth by previous Order of the Court (Doc. 270), the parties shall file with the Court a joint proposed final plan for appropriate disbursement of restitution amounts to the victims on or before February 13, 2012. The Court intends to amend the Judgment Entry concerning restitution on or before February 15, 2012.

**IT IS SO ORDERED.**

Date: February 3, 2012                    s/ Timothy S. Black
                                          Timothy S. Black
                                          United States District Judge