# UNITED STATES DISTRICT COURT

Southern _____    District of _____    Ohio _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

**V.**

David C. Bigi

Case Number:    3:09-cr-153(1)

USM Number:    45007-061

Lawrence J. Greger
_____
Defendant's Attorney

**Date of Original Judgment:** 11/17/2011
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

✓ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

✓ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

✓ pleaded guilty to count(s)   Thirteen (13) of the Superseding Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2314 and § 2 | Interstate Transportation of Stolen Property and Aiding and Abetting | July 8, 2009 | Thirteen (13) |

The defendant is sentenced as provided in pages 2   of 5 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✓ Count(s) _____ see attached _____ ☐ is ✓ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/17/2011
_____
Date of Imposition of Judgment

_____
Signature of Judge

Timothy S. Black,, United States District Judge
_____
Name and Title of Judge

3/14/12
_____
Date

David C. Bigi
Case Number: 3:09-cr-0153(1)

*** [✓] Counts 1, 3 through 8, 10, 12, 15, 16, 17, 19, 20, 26, 27, & 30 of the Superseding Indictment and Forfeiture Allegations 1, 2 & 3 are dismissed on motion of the United States. The Court dismissed Counts 2, 9, 11, 14, 18, 21 through 25, 28 and 29 on July 27, 2011.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 4 — Probation                                                                    (NOTE: Identify Changes with Asterisks (*))

                                                                              Judgment—Page    3    of    5

DEFENDANT:        David C. Bigi
CASE NUMBER:      3:09-cr-153(1)

# PROBATION

The defendant is hereby sentenced to probation for a term of:
Five (5) Years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

✓    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✓    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✓    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C      (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 4A — Probation                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___4___ of ___5___

DEFENDANT:          David C. Bigi
CASE NUMBER:        3:09-cr-153(1)

## ADDITIONAL PROBATION TERMS

1.    The defendant shall participate in the Home Detention component of the location monitoring
      program for a period of twelve (12) months.  The defendant shall be required to remain in his
      residence unless given permission in advance by the probation officer for approved activities.  The
      defendant shall be monitored by the use of location monitoring technology at the discretion of the
      officer.

      The defendant shall abide by all of the requirements established by the probation office
      related to the use of this location monitoring technology. The defendant shall pay all or part
      of the costs of location monitoring based on his ability to pay as determined by the probation
      officer.

2.    The defendant shall provide the probation officer access to all requested financial
      information.

3.    The defendant shall perform 200 hours of community service with an agency approved in
      advance by the probation officer within the first three years of supervision.

4.    The defendant shall have no E-bay or paypal internet usage, unless approved by the
      probation officer; and the probation officer may require defendant to consent to payment for
      and installation of software to monitor defendant's use of the internet.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties
                                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  5     of    5

DEFENDANT:        David C. Bigi
CASE NUMBER:      3:09-cr-153(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment   | Fine   | Restitution   |
|------------|--------------|--------|---------------|
| TOTALS     | $ 100.00     | $ 0    | $ 213,576     |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be
     entered after such determination.

✓   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| See attached ORD Doc 284. | is attached. | | |
| Brad Hoover (Count 4) | 17,100.00 | 17,100.00 | Pay Hoover, Carter, Keiley |
| J.D. Carter (Count 8) | 13,000.00 | 13,000.00 | Giese first in full; once paid |
| Tom Kieley (Count 10) | 14,260.00 | 14,260.00 | in full, pay At Grade, Inc. |
| Mitch Giese (Count 14) | 28,750.00 | 28,750.00 | |
| At Grade, Inc. (Count 7) | 12,500.00 | 12,500.00 | |
| | | | Once the above parities are paid, pay equal increments to: |
| Erie Insurance Co.  (Count 2) | 9,000.00 | 9,000.00 | |
| Westfield Ins. Co. (Count 3) | 14,206.00 | 14,206.00 | |
| Erie Insurance Co.  (Count 5) | 18,100.00 | 18,100.00 | |
| Nat'l Subgogation Ser. (Ct 6) | 16,600.00 | 16,600.00 | |
| Westfield Ins. Co. (Count 9) | 14,960.00 | 14,960.00 | |
| Cinti. Ins. Co. (Count 11) | 25,000.00 | 25,000.00 | |
| Cinti. Ins. Co. (Count 12) | 12,000.00 | 12,000.00 | |
| Erie Insurance Co.  (Ct 13) | 18,100.00 | 18,100.00 | |
| TOTALS | $ 213,576 | $ 213,576 | |

✓   Restitution amount ordered pursuant to plea agreement  $  213,576

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
     fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject
     to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✓   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ✓   the interest requirement is waived for    ☐  fine   ✓  restitution.

     ☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09-cr-153-1 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| DAVID C. BIGI (1), | : | |
| Defendant. | : | |

## AMENDED ORDER OF RESTITUTION

This criminal case came before the Court for sentencing on November 17, 2011. Prior to the tenth day before sentencing, the United States Probation Officer informed the Court pursuant to 18 U.S.C. § 3364(d)(5) that the victims' losses were not ascertainable at that time. As a result, the Court stayed restitution and set forth its intent to amend the Judgment Entry regarding restitution. (Doc. 270).

Pursuant to 18 U.S.C. §§ 3663A and 3664, the Court **ORDERS** that the following victims shall receive restitution in the form of the return of property at issue in Counts 2-14 of the Superseding Indictment:

| | | |
|---|---|---|
| Count 2: | Melissa Bell | 2003 John Deere |
| Count 3: | Tom A. Froelich | 2006 Bobcat |
| Count 4: | Brenda Stephenson | 2004 Bobcat |
| Count 5: | John K. Demaree, II | 2006 John Deere |
| Count 6: | Harry VanDriessche | 2007 John Deere |
| Count 7: | Ryan Lieske | 2005 John Deere |
| Count 8: | Jerome M. Woodgeard | 2002 Bobcat |
| Count 9: | Steve Szemes | 2005 Bobcat |
| Count 10: | Bryan Rutledge | 2004 Bobcat |
| Count 11: | Christian L. Petersheim | 2006 John Deere |
| Count 12: | J. Robert Balmer | 2004 John Deere |
| Count 13: | James Weidenfeller | 2003 Bobcat |
| Count 14: | CNA Insurance Express Center[1] | 2006 John Deere |

---

[1] Subrogated to the interest of victim David A. Schultz d/b/a Excavating Unlimited.

The return of property shall satisfy Defendant's criminal restitution obligations to these victims. If not already returned, the Government is **ORDERED** to return the property at issue in these Counts to the above specified victims forthwith.

Pursuant to 18 U.S.C. § 3663A, Defendant shall pay restitution to the following victims in the following amounts equal to their amount of loss:

| | | |
|---|---|---|
| Count 4: | Brad Hoover | $17,100.00 |
| Count 7: | At Grade, Inc. | $12,500.00 |
| Count 8: | J.D. Carter | $13,000.00 |
| Count 10: | Tom Kieley | $14,260.00 |
| Count 14: | Mitch Giese | $28,750.00 |

Restitution paid by Defendant shall first be distributed equally to Brad Hoover, J.D. Carter, Tom Kieley and Mitch Giese, and after they are paid in full, restitution paid by Defendant shall be distributed to At Grade, Inc.

The victims in Counts 2, 3, 5, 6, 9, 11, 12 and 13 all received compensation from insurance or some other source with respect to their loss. Pursuant to 18 U.S.C. § 3664(j)(1), restitution for these Counts shall be paid to the following entities in the following amounts of the victims' loss, only after restitution is paid in full to Brad Hoover, J.D. Carter, Tom Kieley and Mitch Giese and At Grade, Inc.:

| | | |
|---|---|---|
| Count 2: | Erie Insurance Company | $ 9,000.00 |
| Count 3 | Westfield Insurance Company | $14,206.00 |
| Count 5: | Erie Insurance Company | $18,100.00 |
| Count 6: | National Subrogation Services | $16,600.00 |
| Count 9: | Westfield Insurance Company | $14,960.00 |
| Count 11: | Cincinnati Insurance Company | $25,000.00 |
| Count 12: | Cincinnati Insurance Company | $12,000.00 |
| Count 13: | Erie Insurance Company | $18,100.00 |

Restitution payments collected from Defendant shall be distributed as received in equal increments to each of these entities.

Defendant is **ORDERED** to and shall pay at least $1,500 per month in restitution. Pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the Court and the Attorney General of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution.  The stay of restitution previously ordered is hereby lifted.

    **IT IS SO ORDERED.**

Date: _____2/16/12_____

_Timothy S. Black_

Timothy S. Black
United States District Judge